FILED

AUG 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10041 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00293-WBS-1 |
| v. | |
| JOSE ANTONIO GUTIERREZ, AKA Jose Fogal, AKA Jose Fogel, AKA Jose Antonio Guiterrez, AKA Jose Guiterrez-Fogal, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted August 13, 2015[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: KOZINSKI and TALLMAN, Circuit Judges, and ROSENTHAL,[***] District Judge.

Jose Antonio Gutierrez appeals his felony conviction for assaulting a federal officer in violation of 18 U.S.C. § 111(a), arguing that (1) the initial and supplemental jury instructions constructively amended the indictment, and (2) there was insufficient evidence to support the conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Gutierrez failed to object below, we review the district court's instructions for plain error. *United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006). The district court properly charged the jury with Ninth Circuit Model Criminal Jury Instruction § 8.3, *see United States v. Acosta-Sierra*, 690 F.3d 1111, 1118 n.3 (9th Cir. 2012), and the supplemental instruction correctly defined conduct that would qualify as forcible assault, *cf. United States v. Sommerstedt*, 752 F.2d 1494, 1496–97 (9th Cir. 1985) ("[A] defendant may be convicted of violating section 111 if he or she uses any force whatsoever . . . ."). The statute uses physical contact as a means of distinguishing between a misdemeanor and felony assault of a federal officer. 18 U.S.C. § 111(a); *United States v. Chapman*, 528 F.3d 1215, 1218–19 (9th Cir. 2008). In addition to an instruction on the definition of forcible assault—which subsumes

[***] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

2

descriptions of assault that may constitute a misdemeanor offense—the district court also instructed the jury that it could only convict if the Government proved that "the Defendant made physical contact with Deputy U.S. Marshal Shakeri." The district court therefore did not constructively amend the indictment.

Review of the trial testimony and video images shows that, when "view[ing] the evidence in the light most favorable to the prosecution," a "rational trier of fact could have found [Gutierrez] guilty of each element of the crime beyond a reasonable doubt." *United States v. Heller*, 551 F.3d 1108, 1113 (9th Cir. 2009).

**AFFIRMED.**